IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| NATHAN RONALD PAPPAS;<br>FELICIA ANN TROTTER,<br>a/k/a FELICIA PAPPAS;<br>NYNESSIA HAMM; and<br>DARREL SUVELL HILT | Violations:  21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A)(viii), 841(b)(1)(B)(viii), 846;<br>18 U.S.C. §§ 1956(h), 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about January 2025 through the date of this Indictment, in the Districts of North Dakota, Central and Eastern California, Eastern Washington, Eastern North Carolina, and elsewhere,

NATHAN RONALD PAPPAS;
FELICIA ANN TROTTER, a/k/a FELICIA PAPPAS;
NYNESSIA HAMM; and
DARREL SUVELL HILT

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Drug Quantity</u>

The amount involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

<u>Prior Conviction</u>

Before committing the instant offense, NATHAN RONALD PAPPAS had a final conviction for a serious violent felony, namely, Second Degree Murder under California Penal Code § 187(a) in San Joaquin County Superior Court, State of California, Case No. STK-CR-FE-2019-0004887, by judgment entered on or about October 13, 2020, for which he served more than 12 months of imprisonment and was to be released from any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1.    It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, California, Washington, North Carolina, and elsewhere;

2.  It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3.  It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

4.  It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5.  It was further part of said conspiracy that one or more conspirators used violence and intimidation to protect their criminal activities;

6.  It was further a part of said conspiracy that one or more conspirators sent and received methamphetamine through the United States mail;

7.  It was further a part of said conspiracy that one or more conspirators sent payment for and proceeds of methamphetamine sales through the United States mail;

8.  It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App, Zelle, and Venmo, to send and receive payment for and proceeds of methamphetamine sales;

9.  It was further a part of said conspiracy that one or more conspirators sent and received money wire transfers as payment for and proceeds of methamphetamine sales;

10.  It was further a part of said conspiracy that one or more conspirators used encrypted messaging applications, including but not limited to Signal, Threema, and xPal, to facilitate the distribution of methamphetamine;

3

11.    It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, California, Washington, and elsewhere to obtain, transport, and distribute methamphetamine;

12.    On or about May 19, 2025, one or more conspirators arranged for shipment through the United States mail of approximately 464 grams of methamphetamine from Los Angeles, California, to Fargo, North Dakota;

13.    On or about July 3, 2025, one or more conspirators arranged for shipment through the United States mail of approximately 938 grams of methamphetamine from Los Angeles, California, to Fargo, North Dakota;

14.    On or about July 17, 2025, one or more conspirators arranged for shipment through the United States mail of approximately 1,470 grams of methamphetamine from Los Angeles, California, to Fargo, North Dakota;

15.    On or about August 5, 2025, one or more conspirators arranged for shipment through the United States mail of approximately 4,565 grams of methamphetamine from Los Angeles, California, to Fargo, North Dakota;

16.    On or about September 24, 2025, one or more conspirators distributed approximately 11,778 grams of methamphetamine in Hawthorne, California;

17.    On or about November 10, 2025, one or more conspirators arranged for shipment through the United States mail of approximately 3,896 grams of methamphetamine from Lodi, California, to Fargo, North Dakota;

4

18.     On or about January 7, 2026, FELICIA ANN TROTTER, a/k/a FELICIA PAPPAS, distributed approximately 18,120 grams of methamphetamine in Fargo, North Dakota;

19.     On or about February 17, 2026, FELICIA ANN TROTTER, a/k/a FELICIA PAPPAS, distributed approximately 2,265 grams of methamphetamine in Sacramento, California;

20.     On or about February 26, 2026, FELICIA ANN TROTTER, a/k/a FELICIA PAPPAS, distributed approximately 4,530 grams of methamphetamine in Sacramento, California;

21.     NATHAN RONALD PAPPAS used contraband cellular telephones inside Salinas Valley State Prison in Soledad, California, to facilitate the distribution of methamphetamine;

22.     NATHAN RONALD PAPPAS acted as an organizer, leader, manager, and supervisor in this conspiracy;

In violation of Title 21, United States Code, Section 846, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

<u>COUNT TWO</u>

**Attempted Distribution of a Controlled Substance**

The Grand Jury Further Charges:

From on or about May 19, 2025, through on or about May 27, 2025, in the Districts of North Dakota and Central California,

NYNESSIA HAMM

did knowingly and intentionally attempt to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, by shipping a package through the United States mail from Los Angeles, California, to Fargo, North Dakota;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2.

<u>COUNT THREE</u>

**Attempted Distribution of a Controlled Substance**

The Grand Jury Further Charges:

From on or about July 3, 2025, through on or about July 7, 2025, in the Districts of North Dakota and Central California,

DARREL SUVELL HILT

did knowingly and intentionally attempt to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, by shipping a package through the United States mail from Los Angeles, California, to Fargo, North Dakota;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

7

COUNT FOUR

**Attempted Distribution of a Controlled Substance**

The Grand Jury Further Charges:

From on or about August 5, 2025, through on or about August 8, 2025, in the Districts of North Dakota and Central California,

DARREL SUVELL HILT

did knowingly and intentionally attempt to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, by shipping packages through the United States mail from Los Angeles, California, to Fargo, North Dakota;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT FIVE

### Attempted Distribution of a Controlled Substance

The Grand Jury Further Charges:

From on or about November 10, 2025, through on or about November 18, 2025, in the Districts of North Dakota and Eastern California,

FELICIA ANN TROTTER, a/k/a FELICIA PAPPAS,

did knowingly and intentionally attempt to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, by shipping a package through the United States mail from Lodi, California, to Fargo, North Dakota;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

9

COUNT SIX

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about January 7, 2026, in the District of North Dakota,

FELICIA ANN TROTTER, a/k/a FELICIA PAPPAS,

did knowingly and intentionally distribute 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

10

## COUNT SEVEN

### Money Laundering Conspiracy

The Grand Jury Further Charges:

From in or about January 2025 through the date of this Indictment, in the Districts of North Dakota, Central and Eastern California, Eastern Washington, Eastern North Carolina, and elsewhere,

NATHAN RONALD PAPPAS;
FELICIA ANN TROTTER, a/k/a FELICIA PAPPAS; and
NYNESSIA HAMM

did knowingly combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce that involved the proceeds of specified unlawful activity, that is, a drug trafficking conspiracy: (1) with intent to promote the carrying on of that specified unlawful activity, and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

### Manner and Means

The manner and means used to accomplish the objectives of this conspiracy included, among others, the following:

1.      The defendants and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine,

a Schedule II controlled substance, within the states of North Dakota, California, Washington, North Carolina, and elsewhere;

2.     One or more conspirators would and did conduct financial transactions by using peer-to-peer money transfer services, including but not limited to Cash App, Zelle, and Venmo, to send and receive payment for and proceeds of methamphetamine sales;

3.     One or more conspirators would and did conduct financial transactions by sending and receiving money wire transfers as payment for and proceeds of methamphetamine sales;

4.     One or more conspirators would and did conduct financial transactions by sending and receiving payment for and proceeds of methamphetamine sales through the United States mail;

5.     The purpose of these financial transactions was to promote the ongoing drug trafficking conspiracy and to conceal and disguise the nature, location, source, ownership, and control of its proceeds;

In violation of Title 18, United States Code, Section 1956(h).

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ NICHOLAS W. CHASE
NICHOLAS W. CHASE
United States Attorney

MPK/tah