IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FELICIA ANN TROTTER,
a/k/a FELICIA PAPPAS,

Defendant.

Case No. 3:26-cr-00049

**MOTION TO STAY ORDER OF
MAGISTRATE JUDGE SETTING
CONDITIONS OF RELEASE**

The United States of America, by Nicholas W. Chase, United States Attorney for

the District of North Dakota, and Matthew P. Kopp, Assistant United States Attorney,

moves for an immediate stay of United States Magistrate Judge Allison Claire's order

setting conditions of release in companion Case No. 2:26-mj-00031 (E.D. Calif.). As of

drafting this motion late March 25, neither a copy of the Eastern District of California's

docket entry of the detention hearing nor the order of the magistrate judge has been made

available to the undersigned. This Court should grant this Motion.

The United States seeks this stay so it may pursue revocation of the release order

pursuant to 18 U.S.C. § 3145(a)(1). The United States requests the Court stay the order

for release for a period of 21 days—or other period of time as set by the Court—to permit

the United States to file its request for revocation of the release order with this Court,

which has original jurisdiction as required by the aforementioned statute, for Defendant

to respond accordingly, and for the Court to issue an order on such motion.

Trotter and others were indicted in the District of North Dakota on various drug trafficking and money laundering charges. (Doc. 2.) The Indictment alleges their conduct spans the states of California, Washington, North Carolina, and North Dakota, and charges Trotter with four offenses, ranging from a maximum of 20 years to life in prison. (*See Id*.) The quantity of methamphetamine alleged in the indictment carries with it at least 10 years of imprisonment. (*See Id*.) The United States represents to the Court that the quantity of methamphetamine *seized* in this case exceeds 200 pounds.

On March 19, 2026, Trotter was arrested for this case in the Eastern District of California. She initially appeared before a United States magistrate judge in Sacramento on March 23. At a detention hearing two days later, March 25, another magistrate judge released Trotter on certain conditions. An assistant United States attorney for E.D. Calif. requested a stay of the order setting conditions of release to permit the undersigned to appeal to the Court of original jurisdiction and seek revocation of that order. While the magistrate judge stayed the release order, the undersigned was advised the Sacramento court did so for a period lasting 48 hours, affording the original jurisdiction only so long to issue a written order staying release. This Motion is ripe to decide now.

This Court has authority to enter a written order to stay release pending further review. Title 18, United States Code, Section 3145(a)(1) provides:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—(1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

Defendant is charged in the District of North Dakota. This Court then is the court of original jurisdiction. *See United States v. Vega*, 438 F.3d 801, 804 (7th Cir. 2006) (review of a release or detention order must occur in the court where charges are pending, regardless of where the initial appearance and detention hearing took place.) The motion is to be determined promptly. *See* 18 U.S.C. § 3145(a).

To enable the parties to present the record of the proceedings before the magistrate judge and any other evidence related to the factors to be considered in determining whether to revoke release or not, a stay of at least 21 days from the conclusion of the detention hearing is warranted. First, the United States would need to file its motion for revocation of the magistrate judge's order. The United States intends to do so promptly. Second, Trotter—who does not yet have counsel in D.N.D. but does in E.D. Calif.—must be provided an opportunity to respond.[1] Third, this Court must review the record, any additional evidence submitted,[2] and the arguments of counsel. Finally, the Court must issue a decision on the merits of the motion for revocation of the release order.

The United States respectfully request this Court to immediately stay the order of the magistrate judge setting conditions of release for Trotter so that the government may pursue a motion for revocation of the order setting conditions of release to this Court, and

---

[1] Pursuant to District of North Dakota Local Criminal Rule 47.1, an adverse party has 14 days after service of a motion/memorandum to file its response.

[2] When reviewing a magistrate judge's order for release or detention, a district judge acts de novo and makes an independent determination of pretrial detention or conditions for release. *United States v. Maul*, 773 F.2d 1479, 1484 (8th Cir. 1985). The district judge shall undertake an independent consideration of the record before the magistrate judge and any additional evidence adduced before it in making its findings. *Id*.

3

for the Court to consider that motion. The United States further requests the Court order

that Defendant remained detained until the motion is resolved.

Dated: March 26, 2026

NICHOLAS W. CHASE
United States Attorney

By:    /s/ *Matthew P. Kopp*
MATTHEW P. KOPP
Assistant United States Attorney
655 First Avenue North, Suite 250
Fargo, North Dakota 58102-4932
matthew.kopp@usdoj.gov
(701) 297-7400