IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN RONALD PAPPAS;<br>FELICIA ANN TROTTER,<br>a/k/a FELICIA PAPPAS;<br>NYNESSIA HAMM; and<br>DARREL SUVELL HILT,<br><br>Defendants. | Case No. 3:26-cr-049<br><br>**UNITED STATES' RESPONSE TO MOTIONS TO CONTINUE TRIAL** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Matthew P. Kopp, Assistant United States Attorney, respectfully submits this response to Defendants Nynessia Hamm's and Darrel Hilt's motions to continue the trial currently scheduled for June 23, 2026. (Docs. 70, 74.) The motions should be granted and trial continued for all defendants.

Law enforcement arrested Pappas, Trotter, Hamm, and Hilt in the Eastern and Central Districts of California between March 19 and 29, 2026. (Docs. 14, 15, 26, 38.) Pappas and Trotter remained detained after their initial appearances. (Docs. 17, 30.) Hamm and Hilt were released on conditions. (Docs. 13-7, 31-4.) Hilt became the final defendant to appear in the District of North Dakota on April 24, 2026. (Doc. 64.) The Court then set an initial trial date for June 23, 2026. (Doc. 66.)

Within the last month, the United States has disclosed to defense counsel more than 7,300 pages of Bates labelled discovery, plus hundreds of native audio, video, and

spreadsheet files. Hamm's and Hilt's attorneys, both with offices in Fargo-Moorhead, received discovery just over two weeks ago with their clients continuing to reside in California. The United States anticipates significant additional discovery will be disclosed in the coming weeks. Discovery is already voluminous and will only become more so as the case progresses.

For reasonable preparation and discovery review reasons, Hamm and Hilt moved to continue based on the ends of justice outweighing the defendants' and the public's interests in an immediate trial. (Docs. 70, 74); *see* 18 U.S.C. § 3161(h)(7). Both defendants executed written waivers of their speedy trial rights. (Docs. 70-1, 73.)

Even so, Pappas and Trotter object to any continuance on speedy trial grounds. (Docs. 75, 76.) They also ask for severance from Hamm and Hilt to allow their trial to move forward as initially scheduled. (*Id.*)[1]

Speedy trial arguments offer no barrier to ordering a continuance. If the Court grants Hamm's or Hilt's motions, the time excluded from the speedy trial calculation applies to all defendants. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) (citation and alteration omitted) ("Exclusions of time attributable to one defendant apply to all codefendants."). Pappas does not contest the reasonable discovery review and

---

[1] Pappas made a jail call to Trotter on May 8, 2026, surreptitiously facilitated through Trotter's mother, Susan Feemster. In the call, Pappas instructs Trotter not to agree to any continuances and to move for severance. Trotter sounds apprehensive in her responses. The call raises questions whether Trotter actually desires severance and trial in 42 days on charges for which she faces at least 10 years and up to life in federal prison, or if she is simply doing as Pappas tells her. An excerpt from the jail call is filed conventionally with the Court as Exhibit 1 contemporaneously with this response. The United States provided the full recording to defense counsel for Pappas and Trotter by email.

preparation reasons outlined in his codefendants' motions to continue. Instead, he simply claims superiority for his own desire to proceed with trial. (Doc. 76.) Trotter nominally claims she "does not believe good cause has been shown to justify the continuance" but follows with no meaningful argument on the point. (Doc. 75 at 2.) Nor could she. Her codefendants' legitimate desires to review the voluminous discovery and prepare with newly appointed counsel provide more than sufficient reason to delay the trial. Granting the motions to continue will leave all defendants' statutory speedy trial rights fully intact. And with only two months elapsing since indictment, no constitutional speedy trial concerns arise either. *See United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003).

The twin severance requests lack merit too. The Indictment charges Pappas, Trotter, Hamm, and Hilt with participating together in methamphetamine trafficking and money laundering conspiracies.[2] (Doc. 2.) "The general rule is that persons charged in a conspiracy should be tried together." *United States v. Sherman*, 81 F.4th 800, 805 (8th Cir. 2023) (citation omitted). "[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) (quoting *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002)). Evidence at trial will show that Pappas—while incarcerated in a California prison for murder—arranged for Trotter, Hamm, and Hilt to ship methamphetamine through the United States mail from California to Fargo. Each codefendant's conduct is directly intertwined, resulting in substantial overlap in the evidence against them. Severance at

---

[2] Hilt is not charged in the money laundering conspiracy count. (Doc. 2 at 11.)

this early stage to accommodate a marginally accelerated trial for Pappas and Trotter would thwart judicial efficiency and verdict consistency reasons joinder is intended to safeguard. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993).

The United States requests that the Court grant an ends-of-justice continuance for all defendants based on Hamm's and Hilt's motions. Pappas's and Trotter's requests for severance should be denied.

Dated:  May 13, 2026

NICHOLAS W. CHASE
United States Attorney

By:    */s/ Matthew P. Kopp*
MATTHEW P. KOPP
Assistant United States Attorney
ND Bar ID 09572
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
matthew.kopp@usdoj.gov
Attorney for United States

4